# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **W CHAPPELL MUSIC CORP.,** | § | |
| **HERBILICIOUS MUSIC,  MASS** | § | |
| **CONFUSION PRODUCTIONS,** | § | |
| *Plaintiffs* | § | **No. 1:23-cv-00639-DAE** |
| | § | |
| **v.** | § | |
| | § | |
| **STEAMPUNK, LLC, BOB EMERY** | § | |
| **WOODY,** | § | |
| *Defendants* | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE DAVID A. EZRA
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiffs W Chappel Music Corp. d/b/a/ WC Music Corp.,

Soul Assassins, Inc., Herbilicious Music, and Mass Confusion Productions'

(collectively, "Plaintiffs") Motion for Default Judgment, Dkt. 17. After reviewing

Plaintiffs' motion and the relevant caselaw, the undersigned recommends that the

motion be granted.

## I.      BACKGROUND

Plaintiffs are all members of the American Society of Composers, Authors, and

Publishers ("ASCAP"), a membership association that protects the public

performance rights of its nearly 875,000 songwriter, composer, and music publisher

members. Dkt. 1, at 3.[1] Each ASCAP member grants to ASCAP a non-exclusive right

---

[1] Because Defendants have not filed a responsive pleading, there are no issues of material
fact, and the undersigned will accept Plaintiffs' version of the facts as true. *Atain Specialty*

to license the performing rights in that member's copyrighted musical compositions. *Id.* On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members. *Id.*

Defendant Steampunk LLC is a limited liability company incorporated in Texas. *Id.* at 2. Defendant Bob Emery Woody is the owner of Steampunk. *Id.* Steampunk owns an establishment known as Buford's Backyard Beer Garden, located in Austin, Texas, which routinely hosts music performances. *Id.* Plaintiffs allege that throughout 2022 and 2023, Buford's hosted performances of several ASCAP songs without authorization, including: "Jump Around," "Pony," and "Get Ur Freak On." *Id.* at 7. This is not the first time Plaintiffs and Defendants have butted heads. ASCAP members previously filed a copyright infringement action against Woody alleging virtually identical conduct to the conduct complained of in this action. *Id.* at 3. That case was settled and dismissed, and Defendants obtained an ASCAP license agreement for Buford's. *Id.* That license expired, however, in July 2019. *Id.*

The Summons and Complaint in this matter was filed on June 6, 2023. Dkt. 17, at 3. Defendants failed to timely answer the Complaint and Plaintiffs moved for entry of default on October 5, 2023. *Id.* Default was entered against Defendants on October 10, 2023. *Id.* Plaintiffs have served the Defendants with the entry of default. *Id.* Plaintiffs now request that the Court enter a default judgment against the Defendants. *Id.*

---

*Ins. Co. v. Crown Inn, Inc.*, No. MO:18-CV-143-DC, 2020 WL 13401729, at *2 (W.D. Tex. Feb. 22, 2020).

## II.     LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a)-(b). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because the defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister,* 562 F.2d 343, 345 (5th Cir. 1977).

In considering Plaintiffs' motion, the Court must determine: (1) whether a default judgment is procedurally warranted; (2) whether Plaintiffs' complaint sets forth facts sufficient to establish that they are entitled to relief; and (3) what form of relief, if any, Plaintiffs should receive. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (using the same framework).

## III.     DISCUSSION

### A.     Procedural Requirements

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "(1) whether material issues of fact are at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default are clearly established, (4) whether the default was caused by a

3

good faith mistake or excusable neglect, (5) the harshness of a default judgment, and (6) whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

On balance, the *Lindsey* factors weigh in favor of entering a default judgment against Defendants. Because Defendants have not filed a responsive pleading, there are no material facts in dispute. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Defendants' failure to appear and respond has ground the adversary process to a halt, prejudicing Plaintiffs' interest in pursuing their claim for relief. *See J & J Sports*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests.") (internal citation and quotation marks omitted). The grounds for default are established: Defendants were properly served on June 26, 2023, did not answer the complaint by the answer deadline of July 17, 2023, and have failed to appear and participate at all. *See* Dkt. 17, at 3; Fed. R. Civ. P. 12(a)(1)(A)(i) (requiring Defendants to serve an answer within 21 days after being served with the summons and complaint). There is no indication that the default was caused by a good faith mistake or excusable neglect. The undersigned therefore finds that default judgment is procedurally warranted.

## B.   Sufficiency of Plaintiffs' Complaint

Default judgment is proper only if the well-pleaded factual allegations in Plaintiffs' complaint establish a valid cause of action. *Nishimatsu Constr. Co.*, 515

4

F.2d at 1206. By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact." *Id.* In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

As noted, Plaintiffs' claim that Defendants have publicly performed and/or caused to be performed musical compositions within the ASCAP repertoire in violation of 17 U.S.C. § 101 *et seq* is deemed to be true by Defendants' default. Three questions remain: (1) whether and to what extent Plaintiffs are entitled to statutory damages; (2) whether and to what extent Plaintiffs are entitled to costs, including reasonable attorneys' fees; and (3) whether the Court should grant Plaintiffs injunctive relief.

           1.      Statutory damages

17 U.S.C. § 504(c)(1) provides a range of statutory damages, with a minimum of $750 and a maximum of $30,000 per violation, "as the court considers just." Where the defendant's infringement was willful, a court has discretion to "increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c). This provides a range in this case between $2250 and $450,000. Plaintiffs are not required to prove actual damages, but may, as they do here, seek statutory damages. *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 234 (1952). The Court has wide discretion in this area to award what it deems just within the "statutory limits to sanction and vindicate the statutory policy." *Id.* at 233. "Awarding three-to-five times the amount of the licensing fee is customary in order to put infringers on notice that it costs less to obey the copyright laws than to violate them." *Broad. Music, Inc. v. Bandera Cowboy Bar, LLC*, No. 5:09-CV-882-XR, 2010 WL 11597871, at *2 (W.D. Tex. Apr. 13, 2010) (quotation omitted).

Plaintiffs contends that Defendants have "saved" or "avoided" paying approximately $18,274.08 in licensing fees that should have been paid to ASCAP from the date of termination of their prior ASCAP license through present had Buford's been properly licensed during that time. Dkt. 17, at 11. Plaintiffs request $20,000 per infringement for a total award of $60,000. That amount is still well-below the customary three-to-five times multiplier approved of in *Bandera*, 2010 WL 11597871, at *2. After considering the relevant law and balancing the equities, the undersigned determines that $20,000 per infringement for a total award of $60,000 is sufficient to

compensate Defendants and deter future violations by Plaintiffs. Accordingly, the undersigned recommends awarding $60,000 in statutory damages.

### 2.     Costs and attorneys' fees

Plaintiffs further seek costs, including reasonable attorneys' fees. Dkt. 17, at 12. The Copyright Act puts the recovery of full costs and reasonable attorneys' fees within the Court's discretion. 17 U.S.C. § 505. Attorneys' fees are routinely awarded in copyright-infringement cases. *McGaughey v. Twentieth Century Fox Television*, 12 F.3d 62, 65 (5th Cir. 1994). Plaintiffs have provided the affidavit of Stacy R. Obenhaus, the attorney who worked on the case. Dkt. 17-2, at 134. Obenhaus attests that ASCAP has been billed a total of $9,255 for 16.3 hours of attorney time. *Id.* at 135. Obenhaus further testified that Defendants' attorneys incurred $1,722.12 in out-of-pocket expenses, totaling $10,977.12. The undersigned finds these amounts to be reasonable and therefore recommends awarding Defendants $10,977.12 in costs and attorneys' fees.

### 3.     Injunctive relief

Plaintiffs further seek injunctive relief. Injunctive relief is available under 17 U.S.C. § 502(2), which provides that "any court having jurisdiction of a civil action arising under this title may … grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." Once copyright infringement has been established, the general rule is to grant the requested injunction as irreparable injury is presumed. *Fermata Intern. Melodies, Inc. v. Champions Golf Club, Inc.*, 712 F. Supp. 1257, 1262 (S.D. Tex. 1989), aff'd sub

nom. *Fermatta Melodies v. Champions Golf*, 915 F.2d 1567 (5th Cir. 1990). Further, Defendants' previous infringement indicates a danger of continuing infringement. Accordingly, the undersigned recommends the Court grant Plaintiffs' request for injunctive relief.

## IV.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiffs' Motion for Default Judgment against Defendants. Plaintiffs should be awarded statutory damages of $60,000, attorneys' fees and costs of $10,977.12, and pre- and post-judgment interest at the rates applicable at the time the final judgment is rendered. Further, Plaintiffs should be awarded injunctive relief against Defendants. The referral of this case should now be **CANCELED**.

## V.    WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of

unobjected-to proposed factual findings and legal conclusions accepted by the District

Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985);

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED April 2, 2024.


DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE