UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| W CHAPPELL MUSIC CORP., HERBILICIOUS MUSIC, MASS CONFUSION PRODUCTIONS,, <br>     Plaintiffs, <br><br> vs. <br><br> STEAMPUNK, LLC, BOB EMERY WOODY, <br><br>     Defendants. | § § § § § § § § § § § § | No.  1:23-cv-00639 |

ORDER ADOPTING IN PART AND VACATING IN PART U.S. MAGISTRATE
JUDGE HOWELL'S  REPORT AND RECOMMENDATION

Before the Court is U.S. Magistrate Judge Howell's Report and Recommendation ("Report"), issued on April 2, 2024, concerning Plaintiffs W Chappel Music Corp. d/b/a/ WC Music Corp., Soul Assassins, Inc., Herbilicious Music, and Mass Confusion Productions' (collectively, "Plaintiffs") Motion for Default Judgment.  (Dkt. # 17.)  No objection to the Report has been filed.

The Court finds this matter suitable for disposition without a hearing. After careful consideration, the Court—for the reasons that follow— **ADOPTS IN PART AND VACATES IN PART** Judge Howell's Report and **GRANTS** Plaintiffs' Motion for Default Judgment.  (Dkt. # 17.)

1

BACKGROUND

The Court agrees with Judge Howell's review of the facts and incorporates his documentation of the facts in full below:

Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that protects the public performance rights of its nearly 875,000 songwriter, composer, and music publisher members. (Dkt. # 1 at 3.) Each ASCAP member grants ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. Id. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members. Id.

Defendant Steampunk LLC is a limited liability company incorporated in Texas. Id. at 2. Defendant Bob Emery Woody is the owner of Steampunk. Id. Steampunk owns an establishment known as Buford's Backyard Beer Garden, located in Austin, Texas, which routinely hosts music performances. Id. Plaintiffs allege that throughout 2022 and 2023, Buford's hosted performances of several ASCAP songs without authorization, including: "Jump Around," "Pony," and "Get Ur Freak On." Id. at 7. This is not the first time Plaintiffs and Defendants have butted heads. ASCAP members previously filed a copyright infringement action against Woody alleging virtually identical conduct to the conduct complained of in

this action.  Id. at 3. That case was settled and dismissed, and Defendants obtained an ASCAP license agreement for Buford's.  Id.  That license expired, however, in July 2019.  Id.  The Summons and Complaint in this matter was filed on June 6, 2023. (Dkt. # 17 at 3.) Defendants failed to timely answer the Complaint and Plaintiffs moved for entry of default on October 5, 2023.  Id.  Default was entered against Defendants on  October 10, 2023.  Id.  Plaintiffs have served the Defendants with the entry of default.  Id.  Plaintiffs now request that the Court enter a default judgment against the Defendants.  Id.

## APPLICABLE LAW

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  The objections must specifically identify those findings or

recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985).  A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

Under Rule 55 of the Federal Rules of Civil Procedure, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. FED. R. CIV. P. 55; New York Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996).  After the defendant's default has been entered by the clerk of court, the plaintiff may apply for a judgment based on the default. Id. Even when the defendant technically is in default, however, a party is not entitled to a default judgment as a matter of right.  Escalante v. Lidge, 34 F.4th 486, 492 (5th Cir. 2022).  There must be a sufficient basis in the pleadings for the judgment entered. Wooten v. McDonald Transit Assocs., Inc., 788 F.3d 490, 498 (5th Cir. 2015).  Entry of default judgment is within the court's discretion. See Stelly v.

Duriso, 982 F.3d 403, 406 (5th Cir. 2020); Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998).

In considering the Plaintiffs' motion, the Court must determine: (1) whether default judgment is procedurally warranted, (2) whether the Plaintiffs complaint sets forth facts sufficient to establish that it is entitled to relief, and (3) what form of relief, if any, the Plaintiffs should receive. United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc., 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (using the same framework).

## DISCUSSION

I.  Procedural Requirements

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "(1) whether material issues of fact are at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default are clearly established, (4) whether the default was caused by a good faith mistake or excusable neglect, (5) the harshness of a default judgment, and (6) whether the court would think itself obliged to set aside the default on the defendant's motion." Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998).

Judge Howell noted the <u>Lindsey</u> factors weigh in favor of entering a default judgment against the Respondent Property. This Court agrees.

As Judge Howell noted, because no verified claim has been filed, there are no material facts in dispute. See <u>Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir.1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Moreover, as Judge Howell stated, the failure of any potential claimant to appear has ground the adversary process to a halt, prejudicing the Plaintiffs' interest in pursuing forfeiture of the Defendant Property. See <u>J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.</u>, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015) ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests.").

The grounds for default are established: Defendants were properly served on June 26, 2023, did not answer the complaint by the answer deadline of July 17, 2023, and have failed to appear and participate at all. (Dkt. # 17 at 3); Fed. R. Civ. P. 12(a)(1)(A)(i) (requiring Defendants to serve an answer within 21 days after being served with the summons and complaint). There is no indication that the default was caused by a good faith mistake or excusable neglect. The Court therefore finds that default judgment is procedurally warranted.

II. <u>Sufficiency of the Complaint</u>

Default judgment is proper only if the well-pleaded factual allegations in the Plaintiffs' complaint establish a valid cause of action. Nishimatsu Constr. Co., 515 F.2d at 1206. By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact." Id. In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. Wooten v. McDonald Transit Assocs., Inc., 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Wooten, 788 F.3d at 498 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant unlawfully- harmed-me accusation." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

The Court agrees with Judge Howell that Plaintiffs have satisfied their pleading burden to support a default judgment. As noted, Plaintiffs' claim that Defendants have publicly performed and/or caused to be performed musical compositions within the ASCAP repertoire in violation of 17 U.S.C. § 101 et seq is deemed to be true by Defendants' default. Judge Howell correctly pointed to three

7

key issues that remain: (1) whether and to what extent Plaintiffs are entitled to statutory damages; (2) whether and to what extent Plaintiffs are entitled to costs, including reasonable attorneys' fees; and (3) whether the Court should grant Plaintiffs injunctive relief.

## A. Statutory Damages

17 U.S.C. § 504(c)(1) provides a range of statutory damages, with a minimum of $750 and a maximum of $30,000 per violation, "as the court considers just." Where the defendant's infringement was willful, a court has discretion to "increase theaward of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c). This provides a range in this case between $2250 and $450,000. Plaintiffs are not required to prove actual damages, but may, as they do here, seek statutory damages. F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 234 (1952).

As Judge Howell noted, the Court has wide discretion in this area to award what it deems just within the "statutory limits to sanction and vindicate the statutory policy." Id. at 233. "Awarding three-to five times the amount of the licensing fee is customary in order to put infringers on notice that it costs less to obey the copyright laws than to violate them." Broad. Music, Inc. v. Bandera Cowboy Bar, LLC, No. 5:09-CV-882-XR, 2010 WL 11597871, at *2 (W.D. Tex. Apr. 13, 2010) (quotation omitted).

Plaintiffs contends that Defendants have "saved" or "avoided" paying approximately $18,274.08 in licensing fees that should have been paid to ASCAP from the date of termination of their prior ASCAP license through present had Buford's been properly licensed during that time. (Dkt. 17 # at 11.) Plaintiffs request $20,000 per infringement for a total award of $60,000. That amount, as Judge Howell noted, is still well-below the customary three-to-five times multiplier approved of in Bandera, 2010 WL 11597871, at *2.

The Court agrees with Judge Howell that $20,000 per infringement for a total award of $60,000 is sufficient to compensate Defendants and deter future violations by Plaintiffs.

B. Costs and Attorney's Fees

Plaintiffs further seek costs, including reasonable attorneys' fees. (Dkt. 17 # at 12.) The Copyright Act puts the recovery of full costs and reasonable attorneys' fees within the Court's discretion. 17 U.S.C. § 505. Attorneys' fees are routinely awarded in copyright-infringement cases. McGaughey v. Twentieth Century Fox Television, 12 F.3d 62, 65 (5th Cir. 1994). Plaintiffs have provided the affidavit of Stacy R. Obenhaus, the attorney who worked on the case. (Dkt. 17-2, at 134.) Obenhaus attests that ASCAP has been billed a total of $9,255 for 16.3 hours of attorney time. Id. at 135. In a scrivener's error, Judge Howell wrote that "*Defendants'* attorneys incurred $1,722.12 in out of pocket expenses, totaling

9

$10,977.12. The Court finds these amounts to be reasonable and therefore recommends awarding *Defendants* $10,977.12 in costs and attorneys' fees." (Dkt. 17-2, at 134-136) (emphasis added). This was likely unintentional as the affidavit clearly states that it was *Plaintiffs'* attorneys who incurred the expenses. The 10,977.12 should be awarded to Plaintiffs not Defendants. Therefore, the Court will reject this part of Judge Howell's Report.

C. Injunctive relief

Plaintiffs further seek injunctive relief. Injunctive relief is available under 17 U.S.C. § 502(2), which provides that "any court having jurisdiction of a civil action arising under this title may … grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." Once copyright infringement has been established, the general rule is to grant the requested injunction as irreparable injury is presumed. Fermata Intern. Melodies, Inc. v. Champions Golf Club, Inc., 712 F. Supp. 1257, 1262 (S.D. Tex. 1989), aff'd sub nom. Fermatta Melodies v. Champions Golf, 915 F.2d 1567 (5th Cir. 1990). The Court agrees with Judge Howell that Defendants' previous infringement indicates a danger of continuing infringement. Accordingly, the Court grants Plaintiffs' request for injunctive relief

CONCLUSION

For the reasons stated above, the Court **ADOPTS IN PART and VACATES IN PART** U.S. Magistrate Judge Howell's Report.  The Court **GRANTS** the Plaintiffs Motion for Default Judgment. (Dkt. # 17.)  Plaintiffs will be awarded $60,000 in statutory damages, $10,977.12 in attorneys fees, and injunctive relief.

**IT IS SO ORDERED.**

**DATED**: Austin, Texas, May 23, 2024.

_____
David Alan Ezra
Senior United States District Judge